UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY S. VAN HUISEN, | No. 2:24-cv-00246 DAD KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| HOUSE OF REPRESENTATIVES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, the undersigned recommends that this action be dismissed.

On January 26, 2024, the court granted plaintiff's motion to proceed in forma pauperis and dismissed plaintiff's complaint with leave to amend. (ECF No. 8.) On February 5, 2024, plaintiff filed a second motion to proceed in forma pauperis. (ECF No. 15.) The undersigned recommends that this motion be denied as unnecessary.

On February 1, 2024, plaintiff filed a first amended complaint. (ECF No. 11.) On February 5, 2024, plaintiff filed a second amended complaint, docketed as "'First' Amended Complaint." (ECF No. 13.) Good cause appearing, the undersigned herein screens the second amended complaint filed February 5, 2024. Fed. R. Civ. P. 15(a)(2).

////

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Discussion

The only named defendant in the second amended complaint, filed February 5, 2024, is Mike Johnson, Speaker of the House of Representatives. (ECF No. 13 at 2.) The second amended complaint contains three claims for relief. Plaintiff's claims are largely indecipherable. For example, plaintiff's first claim, which is representative of all three claims, alleges, in part:

> Equity, "the natural due according to the sense of what's right. Sovereignty! Proverbs 22:28," Do not move an ancient boundary stones set up by your ancestors. God is sovereign. Sovereign is defined as: Excellent, fine-Supreme in power or authority. Chief, Highest, having independent authority. A British gold coin equivalent to a pound of silver. In 1914 in the U.K. (London) a gold coin went out of circulation equivalent to a pound of silver! A sovereign matter. "Leze Majesty, an offense against a sovereign." Construction treason! Undue influence. Now see the declaration of independence. By abolishing the free system of English laws in a neighboring province. Case in point was used in tyranny as the Hatch Act to pirate civil rights. Lincoln & Gray. See Temple and Inns of Court. See Isaiah 59:5, the Hatch Act, sic rights, cause of action. Crude oil. Theft by deception. Exodus 23:8 for a Bible blinds the discovery and twists justice. Case in point an immoral contract placed on…

(Id. at 5.)

Plaintiff's second amended complaint is incomprehensible, lacks substance, and fails to allege a potentially cognizable claim for violation of plaintiff's constitutional rights by defendant Johnson. Accordingly, the undersigned recommends that this action be dismissed because it is clear that plaintiff cannot cure the pleading defects discussed above. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting Schucker v. Rockwood, 846 F.2d 1202-04 (9th Cir. 1998) (per curiam)).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 15) be denied as unnecessary; and
2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 9, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Vanh246.56